

Registered Agent Solutions, Inc.
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

EXHIBIT A

# SERVICE OF PROCESS RECEIPT

4/6/2017

Brittany Davis
**Legacy Healthcare Services, Inc.**
3001 Spring Forest Rd
Raleigh, NC 27616 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:   Legacy Healthcare Services, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

### SERVICE INFORMATION

| | |
|---|---|
| Service Date: | 4/6/2017 |
| Service Time: | 1:27 PM MDT |
| Service Method: | Process Server |

### RASi REFERENCE INFORMATION

| | |
|---|---|
| Service No.: | 0064464 |
| RASi Office: | Colorado |
| Rec. Int. Id.: | AXS |

### CASE INFORMATION

| | |
|---|---|
| Case Number: | 2017CV030244 |
| File Date: | 03/28/2017 |
| Jurisdiction: | LARIMER COUNTY DISTRICT COURT, COLORADO |
| Case Title: | BRANT WILLOUGHBY V. LEGACY HEALTHCARE SERVICES, INC. |

### ANSWER / APPEARANCE INFORMATION

21 days   *(Be sure to review the document(s) for any required response dates)*

### AGENCY / PLAINTIFF INFORMATION

| | |
|---|---|
| Firm/Issuing Agent: | LEE E. CHRISTIAN, P.C. |
| Attorney/Contact: | JONATHAN TRAN |
| Location: | Colorado |
| Telephone No.: | 970-484-0300 |

### DOCUMENT(S) RECEIVED & ATTACHED

Complaint
Summons
Demand for Jury Trial

### ADDITIONAL NOTES

---

Questions or Comments... Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process per your default account instructions. RASi offers several methods of notification including Telephone Notification, Email Notification, Online Insta-SOP Delivery, and FedEx/US Postal Service Delivery. If you would like to update your account's default notification methods or view Service of Process information, log into your online account at www.rasi.com.

*Thank you for your continued business!*

| | |
|---|---|
| DISTRICT COURT, COUNTY OF LARIMER, COLORADO<br>201 LaPorte Ave.<br>Fort Collins, CO 80521<br>970-484-0300 | |
| **BRANT WILLOUGHBY, an individual**<br>**Plaintiff,**<br><br>v.<br><br>**LEGACY HEALTHCARE SERVICES, INC., a corporation**<br>**Defendant.** | ▲ COURT USE ONLY ▲ |
| Lee Christian (18743)<br>Jonathan Tran (47614)<br>LEE E. CHRISTIAN, P.C.<br>415 Mason Court, Building #2<br>Fort Collins, CO 80524<br>Phone Number: (970) 484-0300<br>FAX Number: (970) 484-1606<br>E-mail: lee@leechristianpc.com | Case No: 2017CV030244<br><br>Division: 4C |
| **DISTRICT COURT CIVIL SUMMONS** | |

To the above-named defendants:

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint. Because service of the Summons and Complaint was made upon you in compliance with the laws of the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice

DATED this 6th day of March, 2017.

\*\*\*

Respectfully submitted,

Lee Christian, Reg. No. 18743
Jonathan Tran, Reg. No. 47614
Lee E. Christian, P.C.

\*\*\*

Subscribed and affirmed before me in the county of _____, State of_____, this _____ day of _____, 20\_\_.

_____
(Notary's official signature)

_____
(Commission Expiration)

|  |
|---|
| Notary Seal |

| | |
|---|---|
| DISTRICT COURT, COUNTY OF LARIMER, COLORADO<br>201 LaPorte Ave.<br>Fort Collins, CO 80521<br>970-484-0300 | |
| BRANT WILLOUGHBY, an individual<br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTHCARE SERVICES, INC., a corporation<br>Defendant. | ▲ COURT USE ONLY ▲ |
| Lee Christian (18743)<br>Jonathan Tran (47614)<br>LEE E. CHRISTIAN, P.C.<br>415 Mason Court, Building #2<br>Fort Collins, CO 80524<br>Phone Number: (970) 484-0300<br>FAX Number: (970) 484-1606<br>E-mail: lee@leechristianpc.com | Case No:<br><br>Division |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, BRANT WILLOUGHBY ("Plaintiff"), by and through his attorney, Lee E. Christian, P.C., and for his Complaint against the above-named Defendant LEGACY HEALTHCARE SERVICES ("Defendant") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff alleges cause of actions arising from Plaintiff's employment, termination of employment, and subsequent retaliation by Defendant against Plaintiff. The Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124(d).

2. Venue is proper in Larimer County, Colorado, pursuant to C.R.C.P 98(c) because Defendant resided in Larimer County at the commencement of the present action. Additionally, venue is proper pursuant to C.R.C.P. 98(c)(5) insofar as the foregoing tortious acts occurred in Larimer County, Colorado.

### THE PARTIES

3. Plaintiff is a resident of the State of Colorado, currently residing at 3634 Butternut Avenue, Loveland, CO 80538. At all times material to this Complaint, Plaintiff has resided at the address set forth.

4. Defendant is a corporation formed and existing under the laws of the State of Ohio with a principal place of business located at 3001 Spring Forest Road, Raleigh, NC 27616. Defendant conducts substantial business in and employs personnel in Colorado.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates the allegations set forth in paragraphs 1 through 4 as if fully set forth herein.

6. Defendant is a company providing physical therapy, occupational therapy, speech pathology, and wellness services for seniors.

7. Plaintiff was employed by Defendant as a full-time Certified Occupational Therapy Assistant from August 18, 2014 to June 21, 2016. Plaintiff's employment was governed by an Offer of Employment ("Agreement") dated August 18, 2014 and an Employee Handbook ("Handbook").

8. Shortly before Plaintiff's termination, he voiced concerns with Defendant about issues of public concern including issues of harassment and potential fraud within the company.

9. Plaintiff has a stellar record of service as Defendant's employee. Plaintiff never had a complaint from clients, building administration, or staff. Plaintiff only missed one day of work in his two years of employment and had one of the highest therapy efficiency ratings amongst his position. Plaintiff consistently volunteered with Defendant's senior residents during off hours, visited residents on weekends, and was a resident favorite.

10. Defendant recognized Plaintiff as a stellar employee. Defendant selected Plaintiff as employee of the month and featured Plaintiff in Defendant's national newsletter for achievements inside and outside of the workplace. A year prior to Plaintiff's termination, Plaintiff received a letter from Defendant's CEO acknowledging his great work.

11. There are no records of any disciplinary actions taken against Plaintiff.

12. On June 13, 2016, Defendant notified Plaintiff it received multiple reports from both customers and Defendant employees that Plaintiff smelled like and appeared under the influence of marijuana while working.

13. Defendant invoked drug testing procedures it claims are set forth in its Staff Manual and notified Plaintiff he would be required to take a reasonable suspicion drug test for marijuana.

14. Plaintiff complied and provided Defendant with a sample for marijuana testing.

15. On June 16, 2016, Plaintiff met with his general physician at University of Colorado Health ("UCH") and told the doctor about Defendant's allegations and his concerns about the questionable integrity of Defendant's drug test as Plaintiff does not use marijuana. Plaintiff told his doctor he was suspicious of Defendant's test due to recent treatment by his employer after making work-related complaints.

16. Plaintiff's physician suggested an independent urinalysis be conducted

immediately at UCH's laboratory to preserve an independent test sample.

17. Plaintiff agreed and provided a sample to UCH for marijuana drug testing.

18. The UCH drug test was negative for marijuana at a 50 ng/mL screening cutoff.

19. On June 19, 2016, Defendant suspended Plaintiff pending results of its drug test.

20. On June 21, 2016, Defendant notified Plaintiff that he tested positive for an extraordinarily high level of marijuana—the highest result possible in the lab's test.

21. Plaintiff informed Defendant the test was wrong. Plaintiff notified Defendant of the negative results of the independent UCH drug test, offered Defendant the results of the test, and offered to take an additional screening at another lab.

22. Defendant refused to show Plaintiff its results, refused to entertain another screening, and refused to acknowledge the independent drug test results.

23. On June 21, 2016, Defendant terminated Plaintiff's employment for "gross misconduct."

24. No further disciplinary action was taken by Defendant at this time.

25. Plaintiff was not paid his final earned and accrued paid time off at the time of his termination. Plaintiff's insurance was terminated without notice and without complying with state and federal law.

26. On July 19, 2016, Plaintiff emailed Defendant's Human Resources Department inquiring about when Plaintiff would receive compensation for his unpaid paid time off ("PTO").

27. Defendant's General Counsel, Britney Davis, responded to Plaintiff's email several hours later, stating that pursuant to Colorado law and Defendant's policies, Plaintiff forfeited his earned PTO because he was terminated for gross misconduct.

28. On July 19, 2016, hours after Plaintiff's inquiry to Defendant about unpaid wages, and hours after Defendant's General Counsel, Britney Davis, responded to the inquiry, Defendant's General Counsel submitted a complaint with the Department of Regulatory Agencies (DORA) against Plaintiff initiating a disciplinary investigation against his occupational therapy license. The complaint stated:

> "[Plaintiff] was terminated after testing positive for marijuana drug screen performed for reasonable suspicion. . . .
>
> [Defendant] received multiple reports that [Plaintiff] appeared under the influence and smelled of marijuana while working as a certified [OT] assistant, and performed a reasonable suspicion drug test in accordance with [Defendant's] Drug and Alcohol Policy. [Plaintiff's] results were positive for Marijuana Metabolite quantity 1100 ng/mL."

3

29.     Pursuant to the DORA complaint process, a complainant must submit its complaint with all information supporting its claims. The general DORA complaint form listed the following documents as relevant: copies of letters and other correspondence, copies of contracts, copies of witness statements, copies of police reports, copies of medical records, copies of other complaint information. The complaint cannot be amended.

30.     Attached to Defendant's DORA complaint was Defendant's own drug test results showing negative test results for eight illicit substances for which it had no reasonable suspicion to test. The test attached to Defendant's complaint to DORA did not test for marijuana.

31.     No witness reports or evidence of any investigation (previously relied upon by Defendant in conducting a drug test and in terminating Plaintiff) were attached to the DORA complaint.

32.     On January 10, 2017, undersigned counsel provided Defendant with a demand letter giving notice of the questionable circumstances of Plaintiff's termination and the inadequacy of the administrative complaint against Plaintiff.

33.     On January 25, 2017, undersigned counsel made a demand on Defendant pursuant to C.R.S. § 8-2-129 for Plaintiff's employee personnel file which includes, among other things, records of an employee used to determine disciplinary action and employee termination.

34.     On February 1, 2017, Defendant's General Counsel Britney Davis provided Plaintiff's five-page personnel file which consisted of: (1) a photocopy of Plaintiff's license; (2) documents establishing Plaintiff' good standing in the State of Colorado; and (3) new employee certification form.

35.     Defendant did not provide any record or report of an investigation used in determining Plaintiff's disciplinary action or termination.

36.     After Defendant received Plaintiff's demand, Defendant supplemented its DORA complaint with additional documents supporting its disciplinary action.

37.     Upon information and belief, Defendant supplemented its DORA complaint with documents not provided in Plaintiff's personnel file.

## **FIRST CLAIM FOR RELIEF**
### (Breach of Contract)

### AGREEMENT

38.     Plaintiff hereby incorporates paragraphs 1 through 37 of this Complaint as though fully realleged herein.

39.     Plaintiff and Defendant entered into an employment contract on August 18, 2014

["Agreement"].

40. Defendant offered employment to Plaintiff subject to the terms of the Agreement. As a condition of employment, Plaintiff signed and agreed to the terms and conditions of the Agreement. The Agreement is a valid and enforceable contract between Plaintiff and Defendant.

41. The Agreement provides that Plaintiff's employment entitled him to compensation of hourly wages as a non-exempt employee and benefits including, among other things, accrued paid time off.

42. Defendant breached this Agreement by refusing to compensate Plaintiff pursuant to its terms. Defendant is still in violation of the Agreement.

43. Defendant misstated Colorado law as justification for its refusal to perform its obligations under the Agreement. The breach was willful and wanton.

### EMPLOYEE HANDBOOK

44. Defendant had an Employee Handbook in effect at the time Plaintiff was terminated.

45. The Handbook set forth policies and procedures regarding disciplinary action, drug testing, termination, and anti-retaliation policies.

46. Defendant demonstrated to its employees a willingness to be bound by such policies and procedures.

47. Plaintiff was aware of the existence of the handbook before he was discharged by the Defendant.

48. Defendant discharged Plaintiff without complying with its own (1) disciplinary, (2) drug testing, (3) termination payroll, and (4) anti-retaliation standards.

49. Plaintiff substantially performed his obligations of the employment contract.

50. Plaintiff is owed amounts to be determined at trial.

### SECOND CLAIM FOR RELIEF
**(Wrongful Discharge in Violation of Public Policy)**

51. Plaintiff hereby incorporates paragraphs 1 through 50 of the Complaint as though fully realleged herein.

52. During the course of employment, Plaintiff exercised a statutory, regulatory or rule-based right relating to public safety or welfare and exercised a public duty or work-related right or privilege when making valid complaints of public concern to management. Plaintiff

reasonably believed he had a right to exercise this right or privilege as a worker.

53. Defendant was aware or reasonably should have been aware that Plaintiff reasonably believed he had a right to exercise his right or privilege as a worker.

54. Defendant discharged Plaintiff because he exercised the right relating to whistleblowing about matters of public safety or concern; or because the Plaintiff exercised his right or privilege as a worker.

55. Plaintiff was damaged by this wrongful discharge.

### THIRD CLAIM FOR RELIEF
### (Refusal to Pay Earned Wages in Violation of the Colorado Wage Claim Act, C.R.S § 8-6-109)

56. Plaintiff hereby incorporates paragraphs 1 through 55 of this Complaint as though fully realleged herein.

57. Defendant is an "employer" within the meaning of the Colorado Wage Claim Act ("CWCA"). Defendant employed exempt and non-exempt "employees," including Plaintiff.

58. Plaintiff was an "employee" within the meaning of the CWCA.

59. Defendant knowingly withheld Plaintiff's earned and unpaid PTO from Plaintiff's final paycheck citing its justification as an employee forfeiture of earned PTO because Plaintiff was terminated for "gross misconduct."

60. Plaintiff made a written demand for unpaid wages within sixty days of his employment ending.

61. Defendant violated the CWCA by failing to provide Plaintiff earned wages.

62. These violations are continuing and committed knowingly, willfully, and with reckless disregard of the law.

63. Plaintiff is owed lost wages, statutory penalties, attorney's fees, and costs to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (Bad Faith Deduction in Violation of the Colorado Wage Claim Act, C.R.S § 8-6-105)

64. Plaintiff hereby incorporates paragraphs 1 through 63 of this Complaint as though fully realleged herein.

65. Defendant failed to pay Plaintiff's final wages in accordance with its "termination payroll" policy or in accordance to C.R.S. § 8-6-105.

66. Defendant knowingly deducted Plaintiff's earned and unpaid PTO from Plaintiff's final paycheck citing its justification as a lawful deduction and forfeiture of PTO because Plaintiff was terminated for "gross misconduct."

67. These violations are continuing and committed knowingly, willfully, and with reckless disregard of the law.

68. Plaintiff has been damaged by loss of wages plus interest, liquidated damages, statutory penalties, attorney's fees, and costs to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Retaliation in Violation of the Colorado Wage Claim Act)

69. Plaintiff hereby incorporates paragraphs 1 through 68 of the Complaint as though fully realleged herein.

70. One month after Plaintiff was terminated by Defendant, Plaintiff engaged in the protected activity of making a written demand for his unpaid wages.

71. Defendant admits Plaintiff earned the wages but cites fake law in withholding the wages. Specifically, Defendant believes under Colorado law, an employee forfeits earned paid time off when terminated by gross misconduct.

72. Defendant refused to compensate Plaintiff his unpaid wages.

73. A month after Plaintiff's termination and hours after Plaintiff made a demand on Defendant for unpaid wages, Defendant initiated an administrative complaint against Plaintiff bringing charges of habitual drug use and unfitness to practice as an occupational therapy assistant.

74. Defendant retaliated against Plaintiff for engaging in the protected activity of making a written demand on an ex-employer for unpaid wages.

75. Plaintiff has suffered injuries and damages as a proximate result of Defendant's retaliatory acts including continued loss of unpaid wages, currently defending himself against an administrative complaint of habitual drug use, loss of benefits, loss of job promotions, loss of reputation, compensatory damages, and other losses to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### (Outrageous Conduct)

76. Plaintiff hereby incorporates paragraphs 1 through 75 of the Complaint as though fully realleged herein.

77. Defendants engaged in extreme and outrageous conduct;

7

78. Defendants did so recklessly or with intent of causing Plaintiff severe emotional distress; and

79. Defendants' conduct caused Plaintiff severe emotional distress.

### SEVENTH CLAIM FOR RELIEF
(Abuse of Process)

80. Plaintiff hereby incorporates paragraphs 1 through 79 of the Complaint as though fully realleged herein.

81. Defendant intentionally caused a complaint to be filed with the Department of Regulatory Affairs against Plaintiff alleging habitual drug use and unfitness to to practice occupational therapy.

82. The principal reason for Defendant's actions over a month after Plaintiff's termination was other than its "moral and ethical obligation to report employees to their licensing board upon knowledge or suspicion of violations of their respective practice areas."

83. This action of Defendant caused Plaintiff significant losses.

### EIGHTH CLAIM FOR RELIEF
(Invasion of Privacy)

84. Plaintiff hereby incorporates paragraphs 1 through 83 of the Complaint as though fully realleged herein.

85. Defendant intentionally invaded Plaintiff's privacy by conducting an overbroad drug test in which it claims it had reasonable suspicion for marijuana use;

86. The invasion would be very offensive to a reasonable person;

87. Plaintiff suffered damages;

88. The invasion was a cause of Plaintiff's damages.

WHEREFORE, Plaintiff demands a jury trial on all issues so triable. Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants, and award him all relief as allowed by law, including, but not limited to, the following:

a) Declaratory relief and injunctive relief requiring Defendant to cease all retaliatory conduct in its treatment of employees, and to institute and enforce its own policies and procedures preventing such retaliation in the future;
b) Actual and economic damages including back pay, front pay, lost benefits, and other foreseeable economic damages;

c) Compensatory and non-economic damages;
d) Liquidated damages and/or penalties;
e) Attorneys fees and the costs of this action, including expert witness fees, on all claims allowed by law;
f) Pre- and post-judgment interest at the lawful rate;
g) Punitive or liquidated damages; and
h) Any further relief that this court deems just and proper, and any other relief as allowed by law.

DATED this 28th day of March, 2017.

\*\*\*

Respectfully submitted,

Lee Christian, Reg. No. 18743
Jonathan Tran, Reg. No. 47614
Lee E. Christian, P.C.

| | |
|---|---|
| District Court, Larimer County, Colorado<br>201 LaPorte Avenue, Suite 100<br>Ft Collins, CO 80521-2761<br><br>Plaintiff(s): BRANT WILLOUGHBY<br><br>v.<br><br>Defendant(s): LEGACY HEALTHCARE SERVICES, INC. | Filed in Clerk of Courts<br>Larimer County, CO<br>DATE FILED: March 28, 2017<br>CASE NUMBER: 2017CV30244<br>MAR 28 2017<br>Sherlyn K. Sampson<br>Clerk of Court<br><br>▲ COURT USE ONLY ▲<br>Case Number: 17CV30244<br><br>Courtroom: 4C |
| **NOTICE JUDICIAL CIVIL CASE MANAGEMENT** ||

All civil cases are subject to judicial screening and case management. This case is assigned to Judge SUSAN BLANCO- 4C. Trial will not be set until the Court determines that a trial setting is appropriate. Within 30-40 days of filing, your case will be reviewed and appropriate orders sent to counsel and pro se parties

It is imperative that all returns of service be filed promptly with the Court, so that the Court, when reviewing the case, can accurately assess its status.

<u>Plaintiff's counsel shall provide a copy of this notice to all counsel (or pro se parties) who enter appearances.</u>

The Civil Case Cover Sheet (JDF 601) required pursuant to C.R.C.P. 16.1 was to be included with your initial pleading. If it was not included, it must be filed within 14 days from the date of this notice.

Dated March 28, 2017.

_Stephen E Howard_
Chief Judge Stephen E Howard

Copies sent to:    ATP    via JPOD

Revised 8/25/04